MILLER BROS. HAT Co., INC., Respondent, *v.* A. D. SMITH SONS COMPANY, Appellant.

First Department, November 2, 1923.

Sales — written order given selling agent was unsigned and did not mention seller's name — selling agent was not authorized to accept orders — shipment of some goods on different terms not partial delivery — letter by defendant stating that goods could not be shipped then and that price had gone up not acceptance of order.

A partial delivery of hats ordered by the plaintiff from the defendant through its selling agent, who was not authorized to accept orders, by an unsigned written order given to the selling agent in which defendant's name was not mentioned, is not shown by proof that a small quantity of hats were shipped by the defendant to the plaintiff at the price specified in the contract but on different terms.

A letter written by the defendant to the plaintiff in reply to a letter from the plaintiff asking that the hats be shipped, in which the defendant stated that it was unable to ship any hats at present, that the cost had gone up and that it could not say what the increased cost of hats would be, cannot be said, as a matter of law, to be an acceptance of the order sufficient to make a binding contract.

APPEAL by the defendant, A. D. Smith Sons Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 25th day of November, 1922, upon the verdict of a jury rendered by direction of the court, and also from an order entered in said clerk's office on the same day denying the defendant's motion for a new trial made upon the minutes.

*Sidney S. Bobbe,* for the appellant.

*Jay Leo Rothschild,* for the respondent.

SMITH, J.:

The plaintiff is a wholesaler of hats in New York city, and the defendant is a manufacturer of hats in Baltimore, Md.   Both parties are corporations.   The S. W. Hat Company, doing business in New York, selling hats on commission, represented several parties, including defendant, in taking orders for hats to be manufactured.   In July, 1919, the president of the plaintiff, Mr. Miller, at the office of the S. W. Hat Company, picked out from samples shown him some 880 dozen of straw hats, as shown by plaintiff's Exhibit 1.   This was an order blank of the S. W. Hat Company and the written words and figures thereon were placed there partly by the president of the S. W. Hat Company and partly by the president of the plaintiff.  There is nothing printed or written on this paper to show who was the manufacturer of the hats mentioned.   The defendant was not mentioned as the seller, and while the order was made to plaintiff as purchaser, it is not signed by any of the parties.   The plaintiff does not claim that Exhibit 1 is a contract, but does claim that the defendant accepted the oral contract evidenced by Exhibit 1 and partially performed the same, and that this action of the defendant bound it to fully perform the oral contract.

The S. W. Hat Company, on receiving the order represented by Exhibit 1, made out a separate order for the sample hats, 7 dozen, mentioned in Exhibit 1, and sent it to the defendant some time in August, 1919.   There is no proof that the order for the 880 dozen hats was sent to defendant at the same time but there is proof that the defendant probably received that order before September 19, 1919.   The defendant's witnesses, Smith, the president of the defendant, and Samuels, the president of the S. W. Hat Company, both testified that the S. W. Hat Company was only authorized to take orders, which had to be accepted by the defendant.   There was no proof of a direct acceptance of the order, but the plaintiff claimed that the act of the parties and the letters written amount to an acceptance, that the letters of the plaintiff amounted to an adoption of the order by it and that the letters

of the defendant amount to an acceptance of the order. The trial court so held, and therein we think it was in error.

The paper, Exhibit 1, is not a contract. It may have been received by defendant in August at the same time that the order for the seven dozen was received. On September 3, 1919, the defendant shipped to the plaintiff three dozen hats at the prices mentioned in the order, Exhibit 1, and also in the order for samples, but on terms different from those proposed by the plaintiff in both of the above orders. On October twenty-first the defendant shipped the balance of the seven dozen order again at the price mentioned, but on different terms. This would not be a partial delivery under the order, Exhibit 1, as a matter of law. When the defendant received the order, Exhibit 1, its president-manager wrote on it " Prices too low Write." There is no evidence that he wrote until October eighteenth, after he had received the plaintiff's letter of September nineteenth. This letter of plaintiff called for delivery of " all hats on order." This was after the delivery of the three dozen hats and before the delivery of the balance of the seven dozen order. On October eighteenth the defendant wrote an answer to plaintiff's letter of September nineteenth, in which it said it was unable to ship any hats at present, that costs had gone up, *and it could not say what the increased cost of hats would be,* but that plaintiff would be notified by Samuels. It cannot be said as matter of law that the letter of September nineteenth bound the plaintiff to the order, Exhibit 1, or that defendant's letter of October eighteenth was an acceptance of such order sufficient to make a contract. This letter of the defendant is the first that might be construed as having reference to the large order of 880 dozen hats, and it shows clearly that the defendant objected to the price. If it was an acceptance of the order it was a modified one, changing the price and time of delivery proposed in the order by making both indefinite. We find nothing in the subsequent correspondence of the parties or in acts of the parties that justified the direction of a verdict except as to the extent of the damages. We find nothing in the evidence to indicate an intention by defendant to become liable to execute the order originally given. All of defendant's acts indicate only an intention to hold the order open to be executed later, upon terms to be satisfactory to both parties.

The judgment and order appealed from should be reversed, with costs, and the complaint dismissed, with costs.

CLARKE, P. J., DOWLING, FINCH and McAVOY, JJ., concur.

Judgment and order reversed, with costs to appellant, and the complaint dismissed, with costs.